IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| ) | |
| v. ) | Case No. 08-10032-01-WEB |
| ) | |
| MARIO GARCIA-HERNANDEZ, ) | |
| ) | |
| *Defendant.* ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Defendant Mario Garcia-Hernandez, by and through his attorney of record, David K. Link, of Gragert Hiebert Gray & Link, Attorneys at Law, moves the Court for dismissal of the Indictment in this case with prejudice for violation of the Speedy Trial Act and for an order releasing him immediately from the custody of the U.S. Marshal. This motion is made in accordance with 18 U.S.C. § 3162(a)(2) and Fed. R. Crim. P. 12(b) and 48(b)(3).

The Speedy Trial Act, 18 U.S.C. § 3161(c) requires that a defendant be brought to trial within 70 days of the filing of the indictment or his appearance before a judicial officer, whichever date last occurs. For purposes of the Speedy Trial Act, the clock started to run when Mr. Garcia-Hernandez was arraigned on the Indictment February 8, 2008. No excludable periods of delay have occurred since Mr. Hernandez-Garcia's arraignment. If a defendant is not brought to trial within the 70-day time limit imposed by the Speedy Trial Act and any allowable extensions, the Court is required to dismiss the indictment on motion of the defendant. 18 U.S.C. § 3162(a)(2). Dismissal under the Speedy Trial Act is mandatory in this case and the United States agrees with Dismissal in its Response (Doc. 16).

In determining whether dismissal will be with or without prejudice, 18 U.S.C. § 3162(a)(2) directs that the court to consider, among others, the following factors: the seriousness of the offense; the facts and circumstances of the case that led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice.

The district court retains "broad discretion whether to dismiss the indictment with or without prejudice." *United States v Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006). A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice. *Abdush-Shakur*, 465 F.3d at 462.

The Court finds Mr. Garcia-Hernandez is charged with immigration and document offenses, including aggravated re-entry, document fraud and aggravated identity theft (which carries a statutory minimum sentence of two years). The Defendant concedes these are serious felonies.

The record supports the Speedy Trial violation occurring as a result of an administrative error. The record does not support nor are there allegations of harassment or bad faith on the part of the United States arising from the delay.

Further, the impact of re-prosecution would be minimal, as the United States has stated its belief that trial of the case would take only two days and very little has happened in the case related to the expenditure of judicial resources. The Court finds no adverse impact on the administration of justice in the case being dismissed without prejudice.

Thus, the Court finds the dismissal of the indictment would appropriately be made without prejudice.

THEREFORE, on this 23rd day of June, 2008, Defendant's Motion to Dismiss Indictment (Doc.15) is GRANTED in part with regard to dismissal of the indictment but DENIED with regard to Defendant's request that the indictment be dismissed with prejudice.  Thus, the indictment is dismissed without prejudice.

    S/Wesley E. Brown
United State Senior District Judge
Wesley E. Brown